UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY SILSBY, #156315,

        Petitioner,

v.                                            CASE NO. 2:12-CV–13380
                                            HONORABLE GEORGE CARAM STEEH

BONITA HOFFNER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING MOTIONS FOR EVIDENTIARY HEARING AND TO DETERMINE COMPETENCY, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Larry Silsby ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for conspiracy to commit second-degree murder, as well as motions for evidentiary hearing and to determine competency. Petitioner pleaded guilty to conspiracy to commit second-degree murder in the Oakland County Circuit Court and was sentenced to three to 30 years imprisonment in 1981. He was discharged from that sentence in 1998. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=156315; *see also People v. Silsby*, No. 299828 (Mich. Ct. App. May 10, 2011) (unpublished order denying delayed application for leave to appeal because Petitioner fully served his sentence for conspiracy to commit

second-degree murder).[1] Petitioner gave the present petition to prison officials for mailing on July 24, 2012. In his petition, he raises claims concerning the validity of his guilty plea, the state court's subject matter jurisdiction, and the effectiveness of defense counsel during his plea and appellate proceedings. For the reasons stated, the Court dismisses the petition for a writ of habeas corpus and denies Petitioner's motions for evidentiary hearing and to determine competency. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.    Discussion

A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n. 3 (1984) (prisoner's § 2254 action was not moot despite the fact that he had been paroled); *see also Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until *all* the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction

---

[1] Petitioner remains in state custody pursuant to convictions for first-degree criminal sexual conduct and kidnapping, which were imposed following a jury trial in the Oakland County Circuit Court, and for which he was sentenced to life in prison in 1979.

when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam). "The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Id.* at 490 (quoting 28 U.S.C. § 2241(c)(3), emphasis supplied by the Supreme Court).

In this case, Petitioner was discharged from the challenged second-degree murder conviction and sentence in 1998. He filed the instant petition in 2012. He thus fully served his state sentence before instituting this action. Consequently, the Court lacks subject matter jurisdiction over any challenge to the constitutionality of his second-degree murder conviction and sentence. Habeas relief is not warranted.

### III.   Conclusion

For the reasons stated, the Court concludes that it lacks subject matter jurisdiction over Petitioner's claims and that he is not entitled to a writ of habeas corpus in federal court. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** his motions for evidentiary hearing and to determine competence.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85

(2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that jurists of reason would not find the dismissal of this habeas action on jurisdictional grounds debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because any appeal from this decision would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

Dated: August 15, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2012, by electronic and/or ordinary mail.

s/Sarah Schoenherr
Deputy Clerk