UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY SILSBY, #156315,

        Petitioner,

v.                                           CASE NO. 2:12-CV–13380
                                            HONORABLE GEORGE CARAM STEEH

BONITA HOFFNER,

        Respondent.
        _____/

**ORDER DENYING MOTION FOR A CERTIFICATE OF APPEALABILITY**

     This matter is before the Court on Petitioner's motion for a certificate of appealability regarding the Court's dismissal of his petition for a writ of habeas corpus for lack of jurisdiction. The Court dismissed the petition due to the fact that Petitioner was discharged from the 1981 Oakland County Circuit Court conspiracy to commit second-degree murder conviction and sentence challenged in the petition in 1998. The Court also denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal. The Court has since denied reconsideration.

     Having reviewed Petitioner's motion, the Court finds no reason to reconsider its denial of a certificate of appealability (or its dismissal decision). Reasonable jurists could not debate the correctness of the Court's procedural ruling. A motion for reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Petitioner claims that his expired sentence is being used to deny him parole on his 1979 convictions for first-degree criminal sexual conduct and kidnapping for which he was sentenced to life in prison. The Supreme Court, however, has made clear that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). There is no rule that a petitioner is "in custody" on any conviction so long as it may affect his chances of parole. *See, e.g., Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 328 (11th Cir. 1997); *Henrix v. Lynaugh*, 888 F.2d 336, 338 (5th Cir. 1989). Moreover, given that the 1981 conviction post-dates the 1979 convictions, it is clear that it was not used to enhance those sentences. Additionally, given that Petitioner asserts that trial and appellate counsel were ineffective in his 1981 proceedings, he has not shown that he was denied counsel in those proceedings so as to fit within the exception set forth in *Lackawanna Co. Dist. Attorney v. Coss*, 532 U.S. 394 (2001). The Court properly dismissed his habeas petition and denied a certificate of appealability.

Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability. This case is closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

Dated: October 17, 2012

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on
Larry Silsby #156315, Lakeland Correctional Facility,
141 First Street, Coldwater, MI 49036, on
October 17, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk